UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EARL FLYNN TRUSS, JR.,

        Petitioner,               Case No. 1:13-cv-710

v.                                     Honorable Janet T. Neff

SHERRY BURT,

        Respondent.
_____/

## ORDER

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The Court dismissed Petitioner's habeas claims by opinion and judgment dated October 3, 2013 (ECF Nos. 5, 6). Petitioner sought a certificate of appealability in the Sixth Circuit Court of Appeals. That Court denied the certificate by order entered April 17, 2014. Petitioner filed a petition for writ of certiorari in the United State Supreme Court. That Court denied the petition on November 11, 2014. Presently before the Court is Petitioner's motion for relief from judgment under Rule 60(b) (ECF No. 17).

Petitioner's motion asking this Court to reopen his habeas petition is premised on FED. R. CIV. P. 60(b). A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other

reason justifying relief from the operation of the judgment. When none of the first five enumerated examples of Rule 60(b) apply, relief is available only when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

The initial habeas petition was premised on Petitioner's claim that the Michigan Parole Board did not have jurisdiction over him during 2009 when he committed armed robbery. The impact of Petitioner's parole status at the time he committed the armed robbery proved significant. Because his parole had been extended, his sentence for the 2009 armed robbery would be served consecutively to the sentence for which he was on parole. Petitioner contended that the parole extension was unconstitutional and in violation of Michigan Department of Corrections policy and state law. Petitioner specifically argued that the Michigan Parole Board lacked jurisdiction to extend his parole. The Court expressly rejected that argument as a basis for federal relief. Petitioner raises that argument once again in his Rule 60(b)(6) motion.

As a preliminary matter, the Court must determine whether Petitioner's Rule 60(b) motion is, in effect, a habeas petition subject to the restrictions on second or successive habeas petitions set forth in 28 U.S.C. § 2244.[1] *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("We therefore must decide whether a Rule 60(b) motion filed by a habeas petitioner is a 'habeas corpus application' as the statute uses that term."). That determination depends upon whether or not the motion raises a claim: "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* The Court explained:

> In most cases, determining whether a Rule 60(b) motion advances one or more

---

[1] Because Petitioner's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).

2

> "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra*, will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.* at 532 (emphasis in original) (footnotes omitted).

Plaintiff's Rule 60(b)(6) motion attacks this Court's previous decision on the merits. His argument that the Court erred with respect to its assessment of the constitutional significance of the Michigan Parole Board's jurisdiction is plainly a "merits" issue. Petitioner expressly requests that this Court grant the relief he requested in the original petition. (ECF No. 17, PageID.158.) Accordingly, Petitioner's 60(b) motion presents a "claim" and must be resolved as a second or successive application under 28 U.S.C. § 2244.

Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[2] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied.

---

[2] When the initial petition is filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

*McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). Petitioner's previous habeas action was dismissed on the merits, thus the instant petition is second or successive. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

IT IS ORDERED that the motion for relief from judgment (ECF No. 17) is deemed to be an application for habeas relief and, accordingly, is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Date:  July 14, 2016                                          /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              United States Magistrate Judge